UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RANDY S. VALANCE, | ) | CASE NO. 1:25-cv-00482 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | MAGISTRATE JUDGE JENNIFER |
| | ) | DOWDELL ARMSTRONG |
| CITY OF MANSFIELD, et al., | ) | |
| | ) | MEMORANDUM OPINION & ORDER |
| Defendants. | ) | |

On March 11, 2025, *pro se* Plaintiff Randy S. Valance filed a 42 U.S.C. § 1983 Civil

Rights Complaint against Defendants Stephen Blust, City of Mansfield, and Keith Thomas

Porch. (R. 1). In Count One of the Complaint, Plaintiff alleges a First Amendment violation,

while Count Two alleges an excessive force claim. *Id*.  On April 28, 2025, Defendants filed an

Answer to the Complaint. On May 8, 2025, this matter was referred to the assigned the

Magistrate Judge for general pretrial supervision and to rule on all non-dispositive motions. (R.

54).

Thereafter, on May 19, 2025, Plaintiff filed a Motion to amend complaint and Motion

for joinder of additional defendants. (R. 15). Defendants have opposed the motion. (R. 20).

## I.  Motion to Amend Standard

Rule 1 of the Federal Rules of Civil Procedure states that the Rules "should be

construed, administered, and employed by the court and the parties to secure the just, speedy,

1

and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Rule 15

provides that a party may amend its pleadings once as a matter of course within 21 days of

serving the pleading or, if a responsive pleading is required, 21 days after service of a

responsive pleading. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its

pleading only with the opposing party's written consent or the court's leave. The court should

freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The liberal amendment policy embodied in Rule 15(a)(2), however, "is not without

limits." *DeCrane v. Eckart*, No. 1:16CV2647, 2018 WL 916520 at *1 (N.D. Ohio Feb. 16,

2018) (Boyko, J.). "But a court need not grant a motion to amend when the reason for

amendment is improper, 'such as undue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, futility of

amendment, etc.'" *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 737-38 (6th Cir. 2022) (citations

omitted)), *cert. denied*, 143 S. Ct. 527, 214 L. Ed. 2d 302 (2022). An amendment is futile where

the proposed changes "could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview

Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (*quoting Rose v.

Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).

## II. Analysis

Defendants assert that Plaintiff's proposed amended complaint would be futile for

several reasons. (R. 20, PageID# 105). The Court agrees, while the original complaint is hardly

a model of clarity, the proposed amended complaint is even less clear. While the factual

assertions in the later filed are more specific, the legal claims asserted are absent. The proposed

amended complaint does not merely add additional information to the original complaint, but

2

would *replace* the original complaint. The original complaint puts a defendant on notice that a §

1983 Civil Rights Complaint is being asserted and alleges two causes of action—a First

Amendment violation and excessive force claim. (R. 1). The proposed amended complaint does

*not* identify the claims being raised. Thus, it is highly unlikely the amended complaint would

survive a motion to dismiss.

Plaintiff also seeks to add the following persons as new defendants: John Spon, Michael

Kemerer, David Remy, and Timothy Theaker, MacKenzie Mayor, Perry Wheeler, and Jodie M.

Schumacher. (R. 15, PageID# 80-81). The Court agrees with Defendants that the amended

complaint fails to allege sufficient facts capable of supporting any apparent cause of action.

First, Plaintiff's apparent civil rights complaint is governed by Ohio's two-year statute

of limitations applicable to personal injury claims. *See, e.g., Browning v. Pendleton*, 869 F.2d

989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. §

1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which

requires that actions for bodily injury be filed within two years after their accrual"); *accord*

*Hillman v. Phipps*, No. 2:25-cv-579, 2025 U.S. Dist. LEXIS 254557, at *10 (S.D. Ohio Dec. 9,

2025)).[1]

---

[1] "Although the statute of limitations is an affirmative defense, when it appears clear on initial screening of the complaint that the action is time-barred, the complaint may be dismissed for failure to state a claim upon which relief may be granted." *Shank v. Ohio*, No. 2:24-cv-3978, 2024 U.S. Dist. LEXIS 209711, at *6 (S.D. Ohio Nov. 18, 2024) (citing *Jones v. Bock*, 549 U.S. 199, 215  (2007); *Fraley v. Ohio Gallia Cnty*., No. 97-3564, 1998 WL 789385, at *1-2 (6th Cir. Oct. 30, 1998) (holding that the district court "properly dismissed" the *pro se* plaintiff's § 1983 civil rights claims under 28 U.S.C. § 1915(e)(2)(B) because the complaint was filed years after Ohio's two-year statute of limitations had expired).

Defendants accurately point out that many of the events identified by Plaintiff that serve as the basis of his claims occurred many years ago. (R. 20, PageID# 106). With respect to Detective Wheeler, Plaintiff indicates he began emailing him in 2018 concerning drug activity in the community. (R. 15, PageID# 74). Plaintiff identifies an email he sent in 2020 expressing his frustration that certain persons were not charged or taken into custody. *Id*. at PageID# 75. Plaintiff, however, has not identified any act or omission of Detective Wheeler within the applicable statute of limitations.

With respect to John Spon, the amended complaint only alleges that Mr. Spon did not email Plaintiff video camera footage that Plaintiff allegedly requested, and that he allegedly issued a "gag order'" to city employees instructing them not to speak to Plaintiff. (R. 15, PageID# 79). Further, it is unclear whether Plaintiff complied with the O.R.C. § 149.43 in making a public records request and, in any event, the proper remedy is to file a complaint or mandamus action in state court. In addition, the meeting with Mr. Spon occurred on May 7, 2023—more than two years before Plaintiff's filing of the proposed amended complaint on May 19, 2025.

The only allegation against the assistant law director, Michael J. Kemerer, is that he did not follow Plaintiff's request and "refused to charge" certain persons with crimes. Under O.R.C. § 1901.34, it appears that only "the solicitor, director of law, or similar chief legal officer" can prosecute cases in municipal court. Again, this event transpired on May 7, 2023—more than two years before Plaintiff's filing of the proposed amended complaint on May 19, 2025.

With respect to David Remy, the amended complaint only alleges that as Interim Safety Director, he "took a report on said complaint [sic] and placed the issue on a yellow legal pad,"

4

that he informed Remy of his intention to submit a request for body warn cameras, and that, on

one occasion, Remy failed to acknowledge Plaintiff after exiting an elevator. (R. 15). These

factual allegations fail to support any claim against Remy.

With respect to Timothy Theaker, the former mayor of Mansfield, the amended

complaint merely alleges that Plaintiff complained to him of an incident of drug dealing in his

apartment to which Mr. Theaker ostensibly blamed the lack of law enforcement on financial

constraints and the court system. (R. 15, PageID# 75). Even construing these statements as true,

they do not give rise to a plausible cause of action.

Finally, Plaintiff seeks leave to add as defendants Mackenzie Mayor and Jodie

Schumacher, but the amended complaint contains fails to contain a single factual allegation that

involves them.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion to Amend Complaint and Joinder of

Additional Defendants (R. 15) is DENIED, as the amendment would be futile and contrary to

"the just, speedy, and inexpensive determination of this action." Fed. R. Civ. P. 1.

IT IS SO ORDERED.

Dated: February 6, 2026                    s/ *David A. Ruiz*
                                           David A. Ruiz
                                           United States District Judge

5