**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RANDY S. VALANCE, | ) | CASE NO. 1:25-CV-00482 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF MANSFIELD, *et al.*, | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

## I. Introduction

Now pending is Defendants' Motion for Judgment on the Pleadings with respect to *pro se* Plaintiff Randy Valance's Complaint. (R. 21). The Complaint raises the following claims: (1) a 42 U.S.C. § 1983 civil rights action alleging a First Amendment violation; and (2) a 42 U.S.C. § 1983 civil rights action alleging excessive use of force in violation of the Fourth Amendment. (R. 1).[1] Plaintiff Valance filed an opposition brief in response to Motion for Judgment on the Pleadings (R. 22), and Defendants filed a reply in support of their motion. (R. 24). For the reasons stated below, the Court GRANTS the Defendants' Motion (R. 21) and dismisses this action.

## II. Judgment on the Pleadings Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Such motions are assessed "using the same

---

[1] In a prior order, the Court denied Plaintiff's motion to amend the complaint finding, in part, that amendment would be futile. (R. 28, PageID# 239).

standard that applies to a review of a motion to dismiss under Rule 12(b)(6)." *See United Food & Com. Workers, Loc. 1995 v. Kroger Co.*, 51 F.4th 197, 202 (6th Cir. 2022) (quoting *Moderwell v. Cuyahoga Cnty*., 997 F.3d 653, 659 (6th Cir. 2021)); *Jackson v. Prof'l Radiology Inc.*, 864 F.3d 463, 465-66 (6th Cir. 2017). As explained by the Court of Appeals:

> A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) generally follows the same rules as a motion to dismiss the complaint under Rule 12(b)(6). *See D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). A court evaluating that type of motion thus must follow the Supreme Court's changes to the pleading standards in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). *See Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017). Courts must accept as true all well-pleaded factual allegations, **but they need not accept legal conclusions**. *Iqbal*, 556 U.S. at 678. And the well-pleaded factual allegations must "plausibly give rise to an entitlement to relief." *Id*. at 679. Pleaded facts will do so if they "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Pleaded facts will not do so if they "are 'merely consistent with' a defendant's liability." *Id*. (*quoting Twombly*, 550 U.S. at 557).

*Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020) (emphasis added).

Federal courts must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and draw all reasonable inferences in [the plaintiff's] favor." *Watkins v. Healy*, 986 F.3d 648, 660 (6th Cir. 2021) (citations omitted). Nevertheless, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677–78 (internal citations omitted).

Although the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure

allegations on their behalf. *See, e.g.*, *Erwin v. Edwards*, 22 F. App'x 579, 2001 WL 1556573 (6th Cir. Dec. 4, 2001).

## III. Factual Allegations

The Complaint alleges that, on March 13, 2023, Plaintiff was at the Mansfield Safety Director's Office attempting to submit a records request pursuant to Ohio Revised Code (O.R.C.) § 149.43 to Dave Remy, the Interim Safety Director for the City of Mansfield. (R. 1, PageID# 2). At that point, it is alleged Defendant Keith Thomas Porch, Mansfield City Chief of Police, and Defendant Stephen Blust, a lieutenant with the Mansfield Police Department, approached Plaintiff and ordered him from the Safety Director's Office. *Id*.

The Complaint alleges that: "both Defendants used excessive force against Plaintiff by ordering him from his safe haven inside the office of the Mansfield Safety Director office to the Office of the Chief of Police, a place where he did not want to go, causing him to be fearful and experience an unfortunate situation…." (R. 1, PageID# 2). "Defendant Porch began to increase the volume of his voice toward the Plaintiff … [and] [i]n so doing, the above-named Defendant's allegedly forced Plaintiff to the Mansfield office of the Chief of Police, where Defendant Keith Thomas Porch began interrogating Plaintiff on the reason he has returned from a prior engagement of complaining." (R. 1, PageID# 2-3). In being "moved" from one office to another, the Plaintiff's Complaint does not identify any force, let alone "excessive force," and it appears Plaintiff complied after Defendant Porch raised his voice.

Generally, Plaintiff complained that, on a previous occasion, police officers left Plaintiff to defend himself against two known drug traffickers who resided in the same building as Plaintiff. (R. 1, PageID# 3). Plaintiff also told the two Defendant officers that "he was submitting a FOIA (Freedom of Information Act) [request] pursuant to Ohio Revised Code 149.43 *et seq*., to

gain possession of responding Officers Body Worn Cameras (BWC)." *Id*.

The Complaint alleges that Defendant Porch told Plaintiff to "get out of his office," and that Plaintiff complied with the directive (R. 1, PageID# 4). The Complaint avers that: "[w]hile Plaintiff attempted to leave that specific area, Defendant Porch is alleged to have approached the Plaintiff from the rear and shouted, 'if you ever come around here again, I will arrest you!'" *Id*. The Complaint then makes the only allegation of physical contact in the entire document—that Defendant Porch shoved Plaintiff in the "upper back causing a painful twisting motion." *Id*.[2]

## IV. Analysis

Section 1983 provides a civil cause of action against anyone, who under color of state law, deprives a citizen of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To succeed on a claim under § 1983, a plaintiff must demonstrate two elements: 1) that he was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was caused by a person acting under color of state law. *Gibbons v. Bair Found.*, No. 1:04CV2018, 2005 WL 8171782, at *6 (N.D. Ohio Dec. 16, 2005) (*citing Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001)).

Furthermore, the Sixth Circuit Court of Appeals "has consistently held that damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what each defendant did to violate the asserted right. *See, e.g., Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). This court has adopted the requirement that a plaintiff allege 'with

[2] The Complaint avers that Plaintiff was previously diagnosed with degenerate disease of his Spine and that he was 64 years old at the time of the alleged incident. (R. 1, PageID# 4).

particularity' all material facts to be relied upon when asserting that a governmental official has violated a constitutional right." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (*citing Elliott v. Perez*, 751 F.2d 1472, 1483 (5th Cir. 1985); *Dominque v. Telb*, 831 F.2d 673, 676 (6th Cir. 1987)).

**A. Count One: First Amendment Claim**

In Count One of the Complaint, Plaintiff alleges that the above factual allegations resulted in him being blocked, hindered, or denied governmental records of Body Worn Cameras and video footage located inside the Mansfield Municipal building, footage that he asserts was necessary "to prove his claim in this case." (R. 1, PageID# 8).

Defendants assert that the basis for Plaintiff's alleged First Amendment violation is unclear, as Plaintiff merely alleges that he had attempted to request records pursuant to Ohio's Public Records Act, O.R.C. § 149.43. (R. 1, PageID# 2-3). The Court agrees that the Complaint does not plainly allege facts supporting a First Amendment *retaliation* claim.[3]

Further, the Court is skeptical that a perceived failure to comply with a public record request under state law, specifically O.R.C. § 149.43, furnishes an individual with a § 1983 claim for a First Amendment violation, especially given that the Complaint does not allege Plaintiff actually complied with the requirements set forth in the statute.

The Sixth Circuit Court of Appeals has observed that "[i]t is well established that "[n]either the First Amendment nor the Fourteenth Amendment mandates a right of access to government information." *Zillow, Inc. v. Mille*r, 126 F.4th 445, 457-58 (6th Cir. 2025) (*quoting*

[3] Although not alleged in the Complaint, Plaintiff's opposition brief states: "Plaintiff being argumentative with his government is not a violation of anything, but it is a violation of protected speech." (R. 22, PageID# 125). That contention, however, is undeveloped and does not alter the outcome of this case.

*Houchins v. KQED, Inc.*, 438 U.S. 1, 15, 98 S. Ct. 2588, 57 L. Ed. 2d 553 (1978) (plurality op.)). "In general, the government can decline to disclose information in its possession without violating the First Amendment." *Id*. (*citing Los Angeles Police Department v. United Reporting Publishing Corp.*, 528 U.S. 32, 40 (1999); *McBurney v. Young*, 569 U.S. 221, 232 (2013) (finding there is no constitutional right to obtain all the information provided by freedom of information act laws as no such right was recognized at common law)).

"The appropriate remedy for alleged violations of Ohio's Public Records Act is to seek a writ of mandamus, requiring the petitioner to 'prove by clear and convincing evidence a clear legal right to the record and a corresponding clear legal duty on the part of the respondent to provide.'" *Wooten v. Sturts*, No. 2:25-cv-00256, 2025 U.S. Dist. LEXIS 215049, at *34-35 (S.D. Ohio Oct. 31, 2025) (*citing State ex rel. Griffin v. Sehlmeyer*, 165 Ohio St. 3d 315, ¶ 10 (Ohio 2021); *see also Romeo v. Lammers*, No. 2:24-cv-12589, 2025 U.S. Dist. LEXIS 26323, at *5 (E.D. Mich. Feb. 13, 2025) (emphasizing "that the FOIA provisions themselves are not of constitutional moment" and finding that the plaintiff's public records request under state law "do not establish federal-question jurisdiction").

Finally, assuming arguendo that such a cause of action is cognizable, O.R.C. § 149.43(C)(1)(a-b) states that when a public records request is not filled in a reasonable amount of time, the aggrieved party may do one and only one of the following:

> (a) File a complaint with the clerk of the court of claims or the clerk of the court of common pleas under section 2743.75 of the Revised Code; [or]
>
> (b) Commence a mandamus action to obtain a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section….

In this case, the Complaints fails to allege that Plaintiff did either (a) or (b). Another

decision of this district has previously found that where a plaintiff fails to pursue his or her remedies under § 149.43(C)(1)(a-b), "[a]s a matter of law, there is no claim upon which relief may be granted." *Ramsey v. City of Cleveland*, No. 1:15CV2405, 2017 WL 2671060, at *2 (N.D. Ohio June 21, 2017) (Boyko, J.).

Therefore, the Court grants Defendants' motion for judgment on the pleadings with respect to Count One.

**B. Count Two: Excessive Force Claim**

In Count Two, Plaintiff alleges Fourth Amendment excessive force claims against Defendants Porch and Blust, stemming from the single "shove" identified in the Complaint. (R. 1, PageID# 6). The Fourth Amendment, made applicable to the states by the Fourteenth Amendment, provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV.

> Turning to the alleged constitutional violation, the Fourth Amendment protects, among other rights, the right of the people to be free from "unreasonable ... seizures." U.S. Const. amend. IV. A Fourth Amendment excessive-force claim thus turns on whether the officer's actions were objectively reasonable under the totality of the circumstances confronting him at the time. *Graham v. Connor*, 490 U.S. 386, 396 (1989). Relevant to the inquiry are the severity of the crime suspected, the officer's conduct, and the suspect's conduct—including whether the suspect poses a threat or actively resists. *Feagin v. Mansfield Police Dep't*, 155 F.4th 595, 603 (6th Cir. 2025) (*citing Barnes v. Felix*, 605 U.S. 73, 80 (2025)).
>
> However, [Plaintiff] must show not only that the officers used force unreasonably, but also that "every reasonable officer would have realized that [the challenged] conduct violated the Fourth Amendment under our then-existing precedent." *Chaney-Snell v. Young*, 98 F.4th 699, 720 (6th Cir. 2024) (internal quotation marks omitted). The burden therefore rests on the plaintiff to identify published, controlling authority with closely comparable facts that would bind a panel of this court and place the constitutional question beyond debate at the time of the incident. *Feagin*, 155 F.4th at 603; *Chaney-Snell*, 98 F.4th at 720 ("In the fact-

> dependent excessive-force context ... this test generally requires a plaintiff to identify a highly specific right or a case with analogous facts.”). This exacting standard is designed to shield “all but the plainly incompetent or those who knowingly violate the law.” *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

*Groth v. Hill, et al.*, 2026 WL 674352, at *4 (6th Cir. Mar. 10, 2026).

As a threshold matter, “[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge’s chambers…violates the Fourth Amendment.” *Graham v. Connor*, 490 U.S. 386, 395 (1989) (internal citations omitted). “[E]xcessive force claims are governed by a purely objective standard.” *Burke v. City of Oklahoma City*, 2025 WL 1444410, at *7 (10th Cir. May 20, 2025).

“A single shove that results in bruising is *de minimis* force that will not support a claim of excessive force.” *Jones v. Walker*, 358 F. App'x 708, 713 (7th Cir. 2009); *accord Shelton v. Sherwood*, 2025 U.S. Dist. LEXIS 36329, at *4 (N.D. Ind. Feb. 28, 2025); *see also Rosa v. McAllister*, 2024 U.S. Dist. LEXIS 147930, at *9 (D. Colo. Aug. 19, 2024) (finding that where the alleged use of force consisted of only one push without any alleged injury, the use of force was so objectively minimal, that plaintiff failed to state an excessive force claim).

In *Burke v. City of Oklahoma City*, the Tenth Circuit Court of Appeals was called upon to decide whether an officer’s single push was excessive under circumstances which called for minimal force because: (1) the crime at issue was a misdemeanor, public intoxication, (2) the plaintiff was unarmed and handcuffed, and (3) the plaintiff never resisted arrest or attempted to evade arrest by flight. *Burke*, 2025 WL 1444410, at *8 (10th Cir. May 20, 2025). The Court concluded that the officer’s push constituted minimal force where he was trying to move the plaintiff away from the wall and into the patrol car. *Id*. The Court of Appeals concluded the officer was entitled to qualified immunity on the excessive force claim.

Here, the Complaint does not describe any injuries suffered during the incident, nor does it suggest the force applied was anything more than *de minimis*. The Court agrees that the facts, as alleged, called for minimal force, as Plaintiff alleged that he was leaving the office when he was pushed a single time. Nevertheless, the statement that the push caused a "painful, twisting motion," on it own, is insufficient to show that the application of force was beyond *de minimis*. (R. 1, PageID# 4). There is no allegation that any treatment was required, or that the push was of such magnitude that it caused Plaintiff to fall. Based on the Complaint's sparse allegations, it cannot be plausibly inferred that the use of force was objectively unreasonable or that Defendants would not be entitled to qualified immunity. Although there may be certain instances in which a single shove or push could conceivably be excessive, this is not such a case.

For the foregoing reasons, the Court finds that Count Two fails to allege a plausible claim of excessive force and Defendants' motion for judgment on the pleadings is well-taken.

## V. Conclusion

The Defendants' Motion for Judgment on the Pleadings (R. 21) is GRANTED, as explained herein, with respect to both counts raised in the Complaint. Therefore, this matter is hereby dismissed.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: September 15, 2026